UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Andrew Graham as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,<br><br>        Plaintiffs,<br><br>vs.<br><br>River City Sheet Metal, Inc.,<br><br>        Defendant. | Civil File No. _____<br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

### IDENTITY OF PARTIES, JURISDICTION, VENUE

1. The Plaintiffs are Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Andrew Graham, as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2. As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements.

1

3. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4. Defendant River City Sheet Metal, Inc. is a Minnesota business corporation with the registered address of 10105 Linnet Street Northwest, Coon Rapids, Minnesota 55433. Defendant is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5. This is an action by fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTS**

7. The Control Board re-alleges and incorporates by reference paragraphs 1-6 herein.

8. In May 2011, Defendant designated the Sheet Metal, Air Conditioning, & Roofing Contractors' Association of Minnesota, North Dakota & South Dakota, Inc. ("SMARCA") as its exclusive bargaining agent for labor negotiations with Local Union No. 10. To date, Defendant has not revoked this designation.

9. Pursuant to this designation of bargaining authority, Defendant agreed to be bound by any and all actions taken by the designated negotiating committee and/or the SMARCA concerning or arising out of the negotiations with the Local Union No 10.

10. Also pursuant to this designation, Defendant agreed that it would honor, abide by, and be bound by, any contracts(s) agreed to and entered into by and between SMARCA and Local Union No. 10 and that with respect to those contract(s) Defendant agreed that it shall be considered, for all purposes, to be a party to that agreement just as if it had executed the contract itself.

11. As a result of the designation of bargaining authority, Defendant is bound to multiple collective bargaining agreements, including but not limited to, a collective bargaining agreement negotiated between the Residential Subdivision of SMARCA and Local Union No. 10 Metro Area, covering the period of May 1, 2019 through April 30, 2022 ("CBA").

12. The CBA requires Defendant to submit contributions to pension and retirement, health and welfare, vacation, industry and training funds in the amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

13. The CBA incorporates by reference the Agreements and Declarations of Trust ("Trust Agreements") for the benefit funds to which Defendant is required to submit contributions to.

14. The CBA requires Defendant to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Defendant's monthly payment.

15. 29 U.S.C. § 1059 requires employers such as Defendant to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

16. If Defendant fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendant is liable for all of the hours worked by that individual for whom Defendant is unable to produce satisfactory records verifying the type of work being performed by that individual.

17. The CBA and the Trust Agreements require Defendant to submit the reports and payments to the Control Board by specific dates and provide that any employer whose report and contributions are not received by the Control Board by the specified due date is delinquent.

18. The CBA and the Trust Agreements state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty

percent.

19. The CBA and Trust Agreements state that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by § 6621 if the Internal Revenue Code.

20. The CBA and Trust Agreements state that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer.

### COUNT I
### Breach of Contract /Failure to Remit Reports and Contributions
### Under ERISA and the LMRA

21. The Control Board re-alleges and incorporates by reference paragraphs 1-20 herein.

22. Defendant breached the terms of the CBA by failing to submit the remittance reports for the month of December 2021.

23. Upon information and belief, Defendant employed individuals performing work covered by the CBA during the month of December 2021 and continues to do so.

24. Every month, until this matter is resolved either through dismissal or judgment, Defendant will be obligated to remit fringe fund report forms as described above as required by the CBA and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

25. If Defendant fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Control Board will not have an adequate means of verifying the proper amounts due and owing to the Control Board, nor will the Control Board have adequate means of ascertaining the proper allocation of such contributions to Defendant's

employees.

26. In the absence of this Court's order as requested, the Control Board is without adequate remedy at law and will be subject to irreparable harm.

27. Defendant should be enjoined from further refusal and failure to remit reports and contributions.

28. Pursuant to the CBA and Trust Agreements, Defendant is liable to the Control Board for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Control Board in enforcing their rights and collecting the amounts due.

29. Pursuant to the CBA and Trust Agreements, Defendant is liable to the Control Board for interest on the unpaid contributions and liquidated damages in the amount of twenty percent of the unpaid contributions due and owing for the of month December 2021 and any other month that becomes due and owing during the pendency of this litigation.

## COUNT II
## ERISA DAMAGES

30. The Control Board re-allege and incorporate by reference paragraphs 1-29 herein.

31. The Control Board is entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

32. The Control Board is entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

33. The Control Board is entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant as follows:

1. For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions accurately and completely identifying all hours worked by its employees for the month of December 2021.

2. For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Date: February 1, 2022

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED

By:   s/ Amy L. Court
    Amy L. Court (Atty. No. 319004)
    Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorney for Plaintiffs*

1321587.DOCX